HENRY HILDRETH, Respondent, _v._ THE CITY OF TROY, Appellant.

The rejection of a competent juror is ground of error, although the jurors who actually try the case are competent, it is the right of a party to require that the range of selection shall not be limited by excluding without cause a competent juror from the panel.

By defendant's charter (§ 16, chap. 1, Laws of 1816), it is declared that in an action to which the city is a party "no person shall be deemed an incompetent juror by reason of his being an inhabitant * * * of the said city." In an action against the city, upon impaneling the jury the plaintiff "excused" eight jurors, drawn from the regular panel, who were inhabitants of the city, on the ground that they were interested. Defendant's attorney objected. The court overruled the objection, holding that all such jurors were disqualified, to which ruling said attorney excepted. Afterward six other jurors were rejected on the same ground. _Held_, that the ruling was error which was available to defendant on appeal (Code of Civ. Pro.; § 1180); that the proceeding on the part of the plaintiff was in substance a challenge, and that the ruling in substance gave plaintiff fourteen peremptory challenges instead of the two to which he was entitled.

_Freery_ v. _People_ (2 Keyes, 425), _Ferris_ v. _People_ (35 N. Y. 125), _People_ v _Ransom_ (7 Wend. 417), distinguished.

(Argued December 15, 1885 ; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an

order made November 20, 1883, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*William J. Roche* for appellant. The trial judge erred in excluding, from the jurors drawn for said trial, jurors who at the time resided in Troy. (Laws 1816, chap. 1, § 16; Laws 1870, chap. 598; Laws 1873, chap. 427; Code of Civ. Pro., § 1180; *State of Missouri* v. *Home*, 54 Mo. 453.) The courts of the United States are bound to take judicial notice of the laws of the several States in the same manner as of the laws of the United States. (*Evans* v. *C. & P. R. R. Co.*, 5 Phila. 512; *Lyell* v. *Lapeer Co.*, 6 McLean, 446; *Fauntleroy* v. *Hannibal*, 1 Dill. [Mo.] 118; *People* v. *Breese*, 7 Cow. 429; *Chapman* v. *Wilber*, 6 Hill, 475; *People* v. *Herkimer*, 4 Cow. 345.)

*James Lansing* for respondent. It was not error to exclude the jurors drawn from the city of Troy. (12 Coke, 114; Coke on Litt. 157 a and b; *Diveny* v. *City of Elmira*, 51 N. Y. 506; Laws of 1816, chap. 1, § 16; Code, § 1166; *Potter* v. *Ellice*, 48 N. Y. 321.) If, after the rejection of a juror against objection, another is found with whom both parties declare themselves satisfied, error in the rejection is not available. (*Grand Rapids, etc.*, v. *Jarvis*, 30 Mich. 308.) After a trial by an impartial jury, the fact that others called as jurors, who were equally competent but not more so, were excluded from the jury, is not ground for a new trial. (*Tweed* v. *Davis*, 1 Hun, 252; *People* v. *Jewett*, 3 Wend. 314; *Muller* v. *Decker*, 19 Weekly Dig. 427.)

ANDREWS, J. This action was brought to recover for injuries sustained by the plaintiff from the negligence of the defendant in failing to keep Congress street in the city of Troy in safe condition for travel, and resulted in a verdict for the plaintiff for $1,800. It appears that upon the impanel-

ing of the jury, the plaintiff "excused" eight jurors drawn from the regular panel, residents of the city of Troy, upon the ground that they were interested in the result of the action, to which proceeding the city attorney objected on the ground that residents and tax payers of the city are not disqualified as jurors in city cases, if otherwise competent. The court overruled the objection and held that all such jurors were disqualified, to which ruling the attorney for the defendant excepted. Thereafter four additional jurors, residents of the city, were drawn and the same proceeding was had, and they were likewise excluded. The jury box was filled from other names in the panel, and none of the jurors who sat were objected to or challenged. It is not claimed that the jurors excluded by the ruling of the court were interested except as tax payers of the city. By the rule of the common law the inhabitants of a municipality, or the members of any body politic, were incompetent to sit as jurors in a case in which the corporation was a party. They were deemed to be interested, and such interest was a good cause of principal challenge. (Coke upon Littleton, 157, a, b.) The common law has been modified in this State by general statutes making the inhabitants of a town or county competent jurors in suits brought by or against such town or county (1 R. S. 357, § 4; id. 384, § 4; 2 id. 420, § 58), and as to the inhabitants of cities, by special provision, inserted in nearly all cases, in the charters of incorporation. The charter of Troy, enacted in 1816, provides: "That upon the trial of any issue, or upon the taking or making of any inquisition, or upon the judicial investigation of any facts whatever, to which issue, inquest or investigation the mayor, recorder, aldermen and commonalty of said city are a party, or in which they are interested, no person shall be deemed an incompetent juror by reason of his being an inhabitant, freeholder or freeman of the said city." (Chap. 1, § 16, Laws of 1816.) This provision has never been repealed or amended, and was in force at the time of the trial of this action. The ruling of the learned trial judge excluding from the jury the residents of Troy on the ground of interest, was

in contravention of this explicit provision of law and was plainly erroneous.

The question presented is, whether the error of the judge is ground for the reversal of the judgment. The proceeding on the part of the plaintiff was in substance a challenge. It was so treated by the attorney for the city and by the court. The court ruled that residents of the city were legally disqualified as jurors, and excluded them on that ground alone. The right of a party to except to a determination of the court upon a challenge to a juror, and to have such determination reviewed on appeal is expressly given by the Code (§ 1180). This section recognizes the determination of a challenge as involving a legal right, which may be reviewed and, if erroneous, set aside. The General Term disposed of the question on the ground that the rejection of a competent juror was not ground of error, where the jurors who actually try the case are competent. We cannot assent to this view. In our judgment the adoption of this principle would seriously imperil the system of jury trial and lead to practices which the statutes regulating the drawing of jurors were designed to prevent. The main purpose of the statutes for the drawing and selection of trial jurors is the securing of a fair and impartial jury. To this end, provisions are made, which, if followed, prevent the selection of a jury either by the court, or the officers of the court, or by either of the parties to the action, and exclude from the jury box all jurors not indifferent, or who for any reason are disqualified to act as jurors; while at the same time they secure to the parties the advantage of a jury constituted by lot from all the qualified jurors undrawn on the panel. By the Stat. 3 Geo. II, § 11, "for the better regulation of juries," it is provided that the first twelve persons drawn, and appearing, and approved as indifferent, should be the jury to try the cause. This provision was incorporated into the Revised Laws of 1813 (1 R. L. 331, § 20), and into the Revised Statutes (2 R. S. 420, § 61), and was re-enacted in the Code of Civil Procedure (§ 1166), without any substantial change. The section of the Code is in this language: "The first twelve

persons who appear as their names are drawn, and called, and approved as indifferent between the parties, and not discharged or excused, must be sworn ; and constitute the jury to try the case." Sections 1032 and 1033 enumerate causes for which jurors may be discharged or excused. The language of section 1166 is mandatory. Blackstone refers with just admiration to the safeguards thrown around the selection of a jury by the English statutes, and observes that they are admirably designed for the avoiding of frauds and secret management, by electing the twelve jurors out of the whole of the panel by lot. (2 Bl. Com. 365.) It is said that no injury resulted to the defendant from the erroneous exclusion of the city jurors, since a competent jury actually tried the case. The court cannot say that the trial would have resulted differently if the city jurors had not been excluded. On the other hand the contrary cannot be affirmed. It is certain that except for the erroneous ruling the jury would have been differently constituted. Jurors differ in intelligence, judgment, and fitness to act as jurors. It is we think the legal right of a party to have the jury selected from the competent names in the jury box, and that the range of selection shall not be limited by excluding without cause competent jurors from the panel. It cannot be doubted that if an incompetent juror had been admitted against the objection of the defendant, the judgment would be set aside, and yet in many cases it would be impossible to show any actual injury. A person not a resident of the county, or over sixty years of age, or without the requisite property qualification, is not a competent juror (Code, § 1027), but it would we conceive be no answer to an exception taken to his admission, that no actual injury was shown to have resulted. The violation of the legal right of the party to have the case tried by competent jurors, would be conclusive. The error in this case was in improperly rejecting competent jurors. The court added a disqualification, not only not found in the statute, but which the statute declares shall not constitute a disqualification. The law allows in a civil case two peremptory challenges to each party. The action of the court was equivalent to allowing the plaintiff fourteen peremp-

tory challenges, because it excluded from the jury without adequate cause upon the motion of plaintiff, fourteen jurors presumably competent. If the court had in form allowed the plaintiff more than two peremptory challenges, would it be an answer to an exception, that nevertheless there was no legal injury, since a competent jury was subsequently impaneled? We think the error of the court in excluding the city jurors is available to the defendant on this appeal. The learned trial judge doubtless decided the point under the misapprehension that the case was governed by the common law, without having in view the statute of 1816. But the charter is declared on its face to be a public act, and the judge is presumed to have had notice of its provisions. It does not appear whether his attention was specially called to the provision in section 16, but the counsel for the plaintiff took the objection to the jurors specifically on the ground that as residents of Troy they were interested, and so disqualified, and the defendant's counsel insisted that they were not disqualified for that reason, and the court ruled the point for the plaintiff. We think he must bear the consequences of the error, and that he cannot escape by charging the defendant with a violation of duty in omitting to call the attention of the court to the provision of the statute of 1816, which, so far as appears, may not have been known to him at the time. The judgment should be reversed. The statute makes elaborate provision for securing an impartial jury. It provides that the first twelve competent jurors drawn, who are indifferent and not discharged or excused, shall constitute the jury. The law prescribes the qualifications of jurors. The court cannot add to, or detract from them. It cannot itself select the jury, directly or indirectly. It cannot in its discretion, or capriciously, set aside jurors as incompetent, whom the law declares are competent, and thus limit the selection of the jury to jurors whose names may be left. If this is done, a legal right is violated, for which an appellate court will give redress. The jury system, to be successfully administered, requires not only absolute impartiality in fact, in the drawing of jurors, but such an adherence to forms and methods of pro-

cedure as will secure public confidence and prevent any suspicion of improper or unfair dealing.

We have not lost sight of the cases holding that a mere irregularity on the part of ministerial officers in the selection and drawing of jurors is not ground of error, unless it appears that it operated to the prejudice of the party. (*Friery* v. *People*, 2 Keyes, 424, 425; *Ferris* v. *People*, 35 N. Y. 125; *People* v. *Ransom*, 7 Wend. 417.) But the erroneous exclusion by a judge on the trial from a particular panel, of a class of persons regularly drawn, on the ground of incompetency, stands, we think, upon a different principle and is governed by different considerations.

The judgment should be reversed.

All concur.

Judgment reversed.