WILLIAM J. BUTLER, Respondent, *v.* GLENS FALLS, SANDY HILL AND FORT EDWARD STREET RAILROAD COMPANY, Appellant.

Although the trial court is now the trior of all challenges, whether for principal cause or to the favor, yet the distinct and wholly different nature of the two grounds of challenges still exists.

Upon the trial of this action, on a challenge to the favor interposed by plaintiff, the proposed juror was sworn and testified that he was related

to one B., whom he understood was one of the stockholders of the defendant; that his wife was an own cousin of B. Upon this evidence the court held the juror disqualified and he was discharged from the panel. Defendant excepted. *Held,* that the challenge raised an issue of fact, and not one of law, based upon the evidence given on the challenge; that while such ruling was subject to exception and review, under the Code of Civil Procedure (§ 1180), by this court, yet its power of review in such a case was limited by the general rule governing exceptions to decisions of questions of fact, *i. e.*, it could not review the decision, except in the absence of any evidence to sustain it, and so that the decision was not reviewable

*Hildreth* v. *City of Troy* (101 N. Y. 234); *People* v. *McQuade* (110 id. 284), distinguished.

(Argued March 11, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 2, 1888, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are sufficiently stated in the opinion.

*L. H. Northup* for appellant. The plaintiff's attempt to get on the car while in motion was an act of negligence which, in fact, contributed to the injury. (*Phillips* v. *R. & S. R. R. Co.*, 49 N. Y. 177; *Lovitt* v. *S. R. R. Co.*, 9 Allen, 557; *Gennon* v. *N. Y. H. R. R. Co.*, 1 Robt. 25; *Maher* v. *C. P., etc., R. R. Co.*, 67 N. Y. 52, 55, 56; *Clark* v. *E. A. R. R. Co.*, 32 Barb. 657; 36 N. Y. 135; *Ginna* v. *S. A. R. R. Co.*, 67 id. 596; *Gavett* v. *M & L. R. R. Co.*, 16 Gray, 501–507; *Lucas* v. *Taunton R. R. Co.*, 6 id. 64, 71; *Mettlestadt* v. *N. A. R. R. Co.*, 4 Robt. 377, 378; *Nichols* v. *S. A. R. R. Co.*, 38 N. Y. 133, 134; *Solomon* v. *Manhattan R. R. Co.*, 103 id. 437.) There is no evidence of any negligence on the part of the defendant. (*Laugher* v. *Pouter*, 5 B. & C. 547; *Stevens* v. *Armstrong*, 7 N. Y. 435; *Burrows* v. *E. R. Co.*, 63 id. 556; *Morrison* v. *E. R. Co.*, 56 id. 302; *Jewell* v. *G. T. R. R. Co.*, 55 N. H. 84; *Hexamer* v. *Webb*, 101 N. Y. 377; Pat-

terson on Railway Law, 6, 7, § 6; *Banks* v. *H. S. R. R. Co.*, 136 Mass. 485; 19 Am. & Eng. R. R. Cas. 139; 4 id. 580; *H. M. & F. P. R. R. Co.* v. *Kelly*, 102 Penn. St. 115; *Cotton* v. *Wood*, 8 C. B. [N. S.] 568; *Gumz* v. *C. M. & S. P. R. R. Co.*, 52 Wis. 672; 5 Am. & Eng. R. R. Cas. 583.) Plaintiff's attempt to enter the car was in violation of the statute, and the defendant is not liable. (*Nolan* v. *B. C. & N. R. R. Co.*, 87 N. Y. 63–66; *Clark* v. *E. A. R. R. Co.*, 32 Barb. 757; 36 N. Y. 135; *Ginna* v. *S. A. R. R. Co.*, 67 id. 596; 3 R. S. [7th ed.] 1569; Laws of 1850, 211, § 46; *P. R. R. Co.* v. *Zede*, 33 Penn. St. 318; *Spooner* v. *B. C. R. R. Co.*, 31 Barb. 419–426; *Robertson* v. *N. Y. & E. R. R. Co.*, 22 id. 91; Laws of 1884, chap. 252, §§ 1, 18.) The plaintiff was guilty of a misdemeanor in attempting to get on the car, and had full notice not to attempt it. (Laws of 1880, chap. 370.) The plaintiff was not a passenger and never became such. (*Price* v. *P. R. R. Co.*, 96 Penn. St. 267; *Gardner* v. *N. H. & N. Co.*, 51 Conn. 143.) When the person injured is a trespasser on the cars, the railroad owes him no duty and is not bound to indemnify him for anything less than injuries willfully inflicted. (*Duff* v. *A. V. R. R. Co.*, 91 Penn. St. 458; *Siner* v. *C. W. R. R. Co.*, 3 Exch. 154; *P. R. R. Co.* v. *Aspell*, 23 Penn. St. 147; *Solomon* v. *M. R. Co.*, 103 N. Y. 437.) The court erred in refusing to nonsuit plaintiff. (*Burrows* v. *E. R. Co.*, 63 N. Y. 556; Stephens on Ev. 15; *Maguire* v. *M. R. R. Co.*, 15 Mass. 239, 240; *Brown* v. *Cummings*, 7 Allen, 507; *Ellis* v. *Short*, 24 Pick. 142; *Farnum* v. *Farnum*, 13 Gray, 508; *Warren* v. *N. Y. C. R. R. Co.*, 44 N. Y. 465; *Terry* v. *F., etc., R. R. Co.*, 13 Hun, 361, 362.) The court erred in sustaining the "challenge to the favor" of the called juror, George Hitchcock. (Code Civ. Pro. §§ 1166, 1180; *In re D. & S. M. Co.*, 77 N. Y. 101; *Hildreth* v. *City of Troy*, 101 id. 234; *People* v. *McQuade*, 110 id. 284.)

*T. F. Hamilton* for respondent. It was not negligence on the part of the plaintiff to attempt to get on the front platform of a street car when under motion, so long as the motion

was not dangerous. (*Drew* v. *S. A. R. R. Co.*, 26 N. Y. 49; 1 Abb. Ct. App. Dec. 556; *Mulhards* v. *B. C. R. R. Co.*, 30 N. Y. 370; *Nichols* v. *S. A. R. R. Co.*, 38 id. 131; *Mowrey* v. *C. R. R. Co.*, 51 id. 66; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 47; *Tabor* v. *D., L. & W. R. R. Co.*, 71 id. 489; 87 id. 63; *Maher* v. *C. P. R. R. Co.*, 67 id. 52; *Tax* v. *F. S. R. R. Co.*, 14 J. & S. 448; *Terry* v. *Jewett*, 17 Hun, 401; *Eppendorf* v. *B. C. R. R. Co.*, 69 N. Y. 195; *Ginnon* v. *N. Y. & H. R. R. Co.*, 3 Robt. 25.) Even if the plaintiff was at fault in attempting to get on the car while under slow motion, if the driver saw plaintiff in his perilous position and took no measures to prevent the accident, the plaintiff's indiscretion will not excuse the defendant or defeat a recovery. (*Healy* v. *D. D. R. R. Co.*, 14 J. & S. 473; *Green* v. *E. R. Co.*, 11 Hun, 333; 24 Eng. Rep. 771.) As the defendant permitted smoking on the front platform, it was an invitation to passengers to go there and enter a car by the front platform. (*Nolan* v. *B. C. R. R. Co.*, 87 id. 63.) The defendant's objection to the plaintiff's exhibiting his injured limb to the jury is not tenable. (*Mulhado* v. *B. C. R. R. Co.*, 30 N. Y. 370.)

Peckham, J. We are fully satisfied that the plaintiff in this action made out a case for submission to the jury, both upon the question of the alleged negligence of the defendant and his own freedom from any negligence which contributed to the injury. The very full and satisfactory opinion delivered at General Term upon these points, as well as upon the exceptions to the refusals to charge as requested, renders it unnecessary for us to say anything more upon them.

One question was argued here which does not appear to have been urged as a ground for a new trial at the General Term.

The case states that a proposed juror was called, and that plaintiff interposed a challenge to the favor, and on such challenge the proposed juror was sworn and testified that he was related to one of the stockholders of the defendant, that is, as he explained, he understood that a Mr. Brayton was a stockholder therein, and that the wife of the witness was an

own .cousin of Mr. Brayton. The case contains the further statement that "upon this evidence the court held the juror disqualified, and he was discharged from the panel." The defendant excepted to the decision, and it is now claimed to have been error, and that it is a ground for reversing the judgment. Two cases are cited by defendant's counsel as sustaining his claim. They are *Hildreth* v. *City of Troy* (101 N. Y. 234), and *People* v. *McQuade* (110 id. 284). Neither is an authority for the proposition here claimed.

In regard to the case first cited, it is plain that the challenge was one for principal cause, grounded upon the alleged interest which the proposed jurors had in the result of the action, they being residents of the city of Troy.

The trial court treated the challenge as well founded, and set aside each of such jurors as disqualified, not for bias in fact, but because, as matter of law, upon the undisputed facts, none of them came up to the required legal standard for a competent juror.

This court held that the proposed jurors were not disqualified, because there was a section in the charter of defendant providing that no person should be regarded as incompetent in such a case by reason of his being an inhabitant of the city. The judgment was, therefore, reversed. Although, by comparatively recent amendments to the law, the court is now the sole trior of all challenges, whether for principal cause or to the favor, yet the distinct and wholly different nature of the two grounds of challenge still exists. (*Greenfield* v. *People*, 74 N. Y. 277.)

If the challenge in the case before us had been one for principal cause, and it had been sustained on the facts now appearing, it would be apparent that the court erred in so holding, for there can be no doubt that the relationship of the wife of a proposed juror to a stockholder of defendant did not, as a matter of law, disqualify him from acting as a juror. Whether an error made under such circumstances in the case of a single juror would necessarily call for a reversal of the judgment is another question not now before us.

The record here, however, shows that the challenge was to the favor, and not for principal cause, and, of course, where the court held the proposed juror " disqualified," it must be taken that he was so held, not as a matter of law, but as a fact, for actual bias.    In other words, the challenge raised an issue of fact instead of one of law, and the decision of the court was based upon the evidence given upon the challenge. Under the old practice the triors would have disposed of it, instead of the court.    But, as the court now takes the place of the triors, the decision of the court upon such an issue of fact may be excepted to and reviewed by the appellate court by virtue of the Code of Civil Procedure (§ 1180).    Under this section our power to review the decision of the court upon a question of fact, depends upon the existence of an exception, and in accordance with the rule governing exceptions to the decision of questions of fact, this court will not review the decision of the trial court upon a challenge to the favor, except in the absence of any evidence to sustain it ; or, in other words, unless the evidence shows on its face that the decision was necessarily erroneous.

The case of *People* v. *McQuade* (*supra*), although a criminal case and decided under the provisions of the Code of Criminal Procedure, is to the same effect.    It was there stated that the decision of the trial court on the question of indifference is not reviewable, except in the absence of any evidence to support it, when it becomes in such case error of law, to which an exception lies.    In the *McQuade Case* a proposed juror (Platt) was rejected upon a challenge (whether to the favor or for principal cause is not clear), based upon the fact that he knew one of the counsel for defendant, and upon one occasion had advised with him upon some matter of business.    This court held that neither challenge was sustained by the evidence, and that the juror should not have been rejected.    The court, however, stated that it was not prepared to say that such erroneous rejection was ground in itself for a reversal of the judgment.

The court in that case also reviewed the decisions of the

trial court in overruling three challenges to the favor interposed on behalf of the defendant to three different jurors, and it held that they were legally incompetent to sit by reason of actual bias, as disclosed on the face of their own testimony.

Unless we can say in the case before us that there was no evidence to support the decision of the trial court, we must affirm it.

The causes of favor, says Lord COKE, " are infinite." Where that which is alleged does not in judgment of law imply a disqualifying bias, it must be left to the conscience and discretion of the triors, upon hearing the evidence, to find the juror favorable or not favorable. The question for the triors is whether the juror is, as he assuredly should be, altogether indifferent, and if they find he is not, it is their duty to reject him. (*People* v. *Bodine*, 1 Den. 281–305.) The application of this rule to each particular case, where the partiality is not apparent, must be left to the sound discretion of the triors. (Id. 306.) Many cases are instanced in the opinion of the learned judge in *Bodine's Case* (*supra*), of what causes had been allowed as sustaining a challenge to the favor, and upon such a challenge the appeal to the trior seems to be regarded as one based upon his sound discretion.

While it may perhaps be true that we would have taken a different view of the evidence upon the question of fact as to bias than did the learned judge who tried the cause, yet we are not prepared to hold that there was absolutely no evidence upon which to entertain the challenge to the favor.

As is above stated, such a question is one addressed to the sound discretion of the trial court, and we are wholly indisposed to lightly disregard its finding in such a case, where the challenge is sustained and the proposed juror rejected.

The causes operating upon the human mind to produce bias being infinite in their variety, and of a nature which it is impossible to strictly or accurately define or limit, we would be reluctant to overrule the decision of the trial court upon such an issue. We ought not to interfere with a ruling sustaining a challenge unless the evidence be of such a nature

that in no possible view could it fairly be regarded as constituting even plausible ground for the decision. This is not such a case. Although the evidence offered and received to sustain the challenge to the favor was very slight indeed, yet, guided by the rules laid down for the review of the decisions of trial courts in such cases, we cannot say that an error of law was committed in rejecting the proposed juror.

These views lead to an affirmance of the judgment, with costs.

All concur.

Judgment affirmed.