(17 Misc. Rep. 564)

## FINKELSTEIN v. BARNETT.

(Supreme Court, Appellate Term, First Department. July 28, 1896.)

1. JURY—CHALLENGE FOR CAUSE—ERROR CURED.

Error in overruling a challenge for cause is cured where the objectionable juror is excluded on a peremptory challenge.

2. BREACH OF MARRIAGE PROMISE—MUTUAL REGARD OF PARTIES.

In an action for breach of promise of marriage, it is proper for the court to refuse to charge that there was no evidence that the acquaintance of the parties had "ripened into mutual love and affection," and that plaintiff had failed to testify that there was any love between her and defendant, as defendant's sentiments towards plaintiff are immaterial.

3. SAME—EVIDENCE—RES GESTÆ.

In an action for breach of promise of marriage, testimony of plaintiff that the contract of marriage was to become determinate on her deposit with defendant of $500, and that such deposit was in fact made, is admissible as part of the res gestæ, though it was not alleged in the complaint as special damages.

Appeal from city court of New York, general term.

Action by Annie Finkelstein against Jacob Barnett to recover damages for breach of promise of marriage. From a judgment of the city court (38 N. Y. Supp. 961) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Abram Kling, for appellant.
Alfred Steckler, for respondent.

BISCHOFF, J. The defendant, pending the selection of the jury, exhausted his peremptory challenges after an unavailing challenge for cause in each instance. Thereafter the trial proceeded with a jury, to no member whereof either party to this action objected. Under the circumstances narrated above, no error is predicable of the trial court's rulings upon the defendant's challenges for cause. It was wholly optional with the defendant to avail himself of his right of peremptory challenge, and having, by its exercise, succeeded in excluding the alleged incompetent persons from service as jurors, the error, if such there was, of overruling the challenges for cause, was effectually cured. 12 Am. & Eng. Enc. Law, 366; Friery v. People, 2 Abb. Dec. 215; People v. Court of Oyer & Terminer, 83 N. Y. 436, 456. The case referred to by the defendant's counsel (Hildreth v. City of Troy, 101 N. Y. 234, 4 N. E. 559) is not to the contrary. There it appeared that a competent person was excluded as a juror upon the plaintiff's challenge for cause, against the de-

fendant's objection and exception, and it was held that such exclusion was error to the defendant's prejudice. Had the defendant, in the case at bar, refrained from his peremptory challenges, or exhausted them, and an incompetent person been permitted, against the former's objection and exception, to serve as a juror, the reversal of the judgment would have been imperative. People v. Bodine, 1 Denio, 281, 310.

The trial court properly refused to charge, at the request of the defendant's counsel, that there was no evidence tending to show that the acquaintance of the parties to this action had "ripened into mutual love and affection," that the plaintiff had failed to testify that "there was any love between her and the defendant," and that there was no evidence tending to show that the plaintiff had "suffered any anguish of mind or humiliation" in consequence of the defendant's refusal to marry her. The damages to which the plaintiff was entitled for the defendant's breach of his contract to intermarry with her were for the injury to her sensibilities, not to those of the defendant. Hence it was wholly immaterial that the defendant may not have entertained an amatory regard for the plaintiff. Her "anguish of mind" was sensibly apparent from her disappointment because of the defendant's refusal to marry her at the appointed time after her repeated insistance that the contract to marry should be fulfilled, of which there was abundant evidence. It appeared from the plaintiff's testimony that the contract to intermarry was to become determinate upon her deposit with the defendant of the sum of $500, and the plaintiff was permitted to prove, against the defendant's objection that the special damages were not alleged in the complaint, that such deposit was in fact made. The evidence was clearly admissible as a part of the res gestæ,—the facts of the contract to marry, and that the defendant's promise to marry the plaintiff became absolute; and that the recovery did not include the sum deposited is manifest from the trial court's charge, at the request of the defendant's counsel, that in computing the damages to be awarded to the plaintiff the jury were not to allow her anything for the money alluded to. Chesebrough v. Conover, 140 N. Y. 382, 389, 35 N. E. 633; Holmes v. Moffat, 120 N. Y. 159, 162, 24 N. E. 275.

Other exceptions appear in the record, but were not urged upon this appeal, and upon examination such exceptions prove to be without merit.

The judgments of the general and trial terms of the court below should be affirmed, with costs. All concur.