<hr/>

SANTEE v. STANDARD PUB. CO.

(Supreme Court, Appellate Division, Third Department. January 17, 1899.)

1. JURY—DISMISSAL OF JUROR WITHOUT CAUSE.
   Code Civ. Proc. § 1174, provides that, when a bystander is summoned to fill up a jury, he must attend, "unless excused by the court or set aside, and must serve as a juror." Held that, when a fair and impartial bystander has been sworn as a juror, he cannot be dismissed, at plaintiff's instance, because his business partner is a friend of defendant's attorney.

2. SAME—HARMLESS ERROR.
   The fact that the adverse party did not exhaust his peremptory challenges, and that the case was tried by an impartial jury, does not obviate error in excluding a competent juror.

Appeal from special term, Cortland county.

Action by Ellis M. Santee against the Standard Publishing Company for libel. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

White & Cheney, for appellant.

Horace L. Bronson, for respondent.

HERRICK, J. The regular panel of jurors summoned by the sheriff having been exhausted, the court had a right to direct talesmen to be summoned from the bystanders, in order to fill up the jury for this case. Sections 1171, 1172, Code Civ. Proc. Section 1174 provides that any person so notified to attend must attend forthwith, "unless excused by the court or set aside, and must serve as a juror upon the trial." Under this clause, it is contended that the act of the court in discharging Juror Hout was not error. It will be observed that the section says the juror shall serve unless "excused" or "set aside." The terms used are not synonymous, but mean entirely different things. "Excused" in this section means, I take it, where a person is relieved from jury duty upon his own application, for his convenience, or for reasons personal to himself, or upon the court's own motion, because the person's services are not necessary, or because it sees fit to excuse him for the reason that it finds him an unfit or incompetent person to serve. Such person is "set aside" because of objections raised to his serving by one or the other of the parties to the action. In this case it must be obvious that the juror in question was not "excused" by the court, within the meaning of the Code. He was "set aside" because of the objections made to him by the plaintiff, and he was "set aside" after he had been regularly sworn in as a juror to try this case.

The ground of the objection was that the partner of the juror was a friend of the defendant's attorney. Without discussing the evidence, I do not think it was sufficient to warrant his exclusion from the jury. People v. McQuade, 110 N. Y. 284, 18 N. E. 156. Indeed, the trial court found that he was a fair and impartial juror, but stated:

"If, however, this case were now tried, and the verdict should be for the defendant, the plaintiff and his attorney would always believe that this had something to do with it, and justice would thereby be discredited. Therefore I think that, without any reflection whatever upon this juror, the juror should be excused, and he is excused."

The man being legally and properly summoned to serve upon the jury, and sworn in without objection, in the absence of any legal objection to his competency as a juror I do not think that the court had power to set him aside because of the reasons suggested by it. The fact that it does not appear that the defendant had exhausted its peremptory challenges, and that the case was tried, so far as appears, by a competent and impartial jury, does not obviate the error committed by the exclusion of a competent juror. Hildreth v. City of Troy, 101 N. Y. 234, 4 N. E. 559; People v. McQuade, 110 N. Y. 284–306, 18 N. E. 156.

There is no evidence of express malice, and it is at least doubtful whether there was any evidence justifying a verdict for punitive damages, or smart money.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.