### INDUSTRIAL & GENERAL TRUST, Limited, v. TOD et al.

(Supreme Court, Appellate Division, First Department.  May 5, 1905.)

**1. JURY—SPECIAL JURY—COMPLIANCE WITH STATUTE.**

The proceeding prescribed by Code Civ. Proc. §§ 1063–1069, for the selection of a special jury, is a special proceeding, in which the requirements of the statute must be strictly complied with.

**2. SAME—DRAWING OF LIST—PRESENCE OF PARTIES—NECESSITY.**

Under Code Civ. Proc. § 1065, requiring the jury commissioner, in drawing a special jury, to select in the presence of the parties or their attorneys the names of 48 persons, whom he deems most indifferent between the parties and best qualified to try the issues, either party is entitled to have the list selected by the commissioner set aside where the selection is made in the absence of the parties and their attorneys.

[Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Jury, § 369.]

**3. SAME—IRREGULARITIES—SETTING ASIDE LIST.**

Where the court at Special Term directs that a special jury be struck, it may and should set aside the jury as selected, and order the striking of a new jury, in case of any irregularity in the selection of the jury which may render the proceeding a nullity, or jeopardize the results sought to be obtained by such jury.

Appeal from Special Term, New York County.

Action by the Industrial & General Trust, Limited, against J. Kennedy Tod and another. From an order denying a motion to set aside a list of names drawn for a special jury, plaintiff appeals. Reversed.

See, also, 87 N. Y. Supp. 687; 92 N. Y. Supp. 1129.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Louis Marshall, for appellant.
Stephen H. Olin, for respondents.

McLAUGHLIN, J.  On motion of the defendants an order was made that a special jury be struck for the trial of the issue raised by the pleadings.  An appeal was taken by the plaintiff from such order, but the same was affirmed by this court.  92 N. Y. Supp. 1129.  Pending the determination of the appeal the proceedings to strike the jury were by consent adjourned from the time fixed in the order to the 17th of March, 1905, when both parties appeared by their respective counsel before the commissioner of jurors.  It then appeared that the commissioner had selected from the general jury list 48 names, which on the 11th of March he inclosed to both parties, with a letter saying:

"Pursuant to request to that effect, I herewith send to each of you a list of the forty-eight (48) names from which I propose to have you strike the jury in the case of 'The Industrial and General Trust, Limited, against J. Kennedy Tod and another.'  Please bear in mind that March 14th, 1905, at 10 a. m., at this office has been fixed by order of the Court as the time and place where you are to attend and strike twenty-four (24) names from the list."

It also appeared that neither the plaintiff nor its attorneys had made any request for such list, or had any communication or understanding with the commissioner or any one else on the subject, and that the names had been selected without its knowledge, in the absence of its counsel.  In view of that fact, a request was made by its counsel that the list prepared by the commissioner be abandoned, and a new list of 48 names selected.  This request was refused; the commissioner insisting that the list had been properly prepared, and that the jury should be struck from it, which was in fact done, against the earnest protest and objection of plaintiff's counsel.

I am of the opinion that the action of the Commissioner in selecting the list of names was irregular, and for that reason the request of plaintiff's counsel should have been granted.  The proceeding relating to the selection of a special jury is governed by sections 1063–1069 of the Code of Civil Procedure, where the method to be pursued is pointed out, and must be strictly followed.  It is a special proceeding, designed for a particular purpose, and the statute cannot be disregarded in any respect.  Every direction must be complied with.  People v. Tweed, 50 How. Prac. 262; Hildreth v. City of Troy, 101 N. Y. 234, 4 N. E. 559, 54 Am. Rep. 686.  One of the sections (1065) provides that at the time appointed the commissioner must attend at his office with the original list or books filed or kept in his office as required by law, containing the names of the persons who are then liable to serve as trial jurors, and, in the presence of the parties or their attorneys or counsel, must strike a jury as therein stated; and one of the first provisions is that he must select from the list or books the names of 48 persons whom he deems most indifferent between the parties and best qualified to try the issues.  The commissioner did not comply in this respect with the statute.  He selected a list of 48 names, not in the presence of the parties, their counsel or attorneys, but in their absence, and either party by reason of that fact was entitled to have the

list set aside. The order directing that a special jury be struck, which was the only authority the commissioner had to act in the matter, had not been complied with, because that contemplated the selection of a special jury in the manner provided by statute.

But it is urged that, even though the proceeding were irregular, the court at Special Term was not justified in setting aside the list. I am unable to see the force of this contention. The court at Special Term had in the first instance directed that the jury be struck, and when it appeared that any irregularity had occurred in the selection of the jury which would render the proceeding a nullity, or jeopardize the result sought to be obtained by such jury, then it had the power and it was its duty to direct that the jury as selected be set aside and discharged, and a new jury be struck. It had precisely the power in the one instance that it had in the other; otherwise all efforts to obtain a struck jury might be rendered futile by the officer making the selection.

The case of People ex rel. Kirtland v. Dillon, 17 Hun, 1, is directly in point. There an order was made that a jury be struck, and, irregularities having occurred in the selection, the list was set aside and a new list ordered prepared. The court on appeal, affirming the latter order, said:

"The court ordered a struck jury. Afterwards, for irregularities in the striking of the jury, the court ordered that the jury be set aside and discharged, and a new jury be struck. The defendant appeals, and insists that the court had no power to make such an order. I see no reason why the court might not set aside an order which it had made. * * * In the present case there seem to have been some irregularities in the manner of preparing the list from which the names were to be struck. It would be strange if the court could not set aside the former order, and afford an opportunity for a more strict compliance with the statute."

The list in the case before us was selected in the absence of the parties or their counsel, while the statute directed that it should be done in their presence. It was therefore irregular, and ought to have been set aside. The purpose sought to be accomplished by requiring that the names be selected in the presence of the parties or their counsel is a wholesome one. It tends to insure the selection of a jury contemplated by the statute, viz., "most indifferent between the parties and best qualified to try the issue."

It also appeared that, when the list of names under consideration was selected by the commissioner, he had no knowledge of the issue to be tried in the action. It would seem, in view of the fact that the statute requires the selection of the names of persons best qualified to try the issue, that the commissioner, before making the selection, should familiarize himself with it; otherwise it is difficult to see how he can act intelligently or do what the statute requires. But it is unnecessary to pursue this subject, inasmuch as a new jury must be struck, and the commissioner will undoubtedly do this before proceeding to select the names.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to set aside the list prepared by the commissioner granted, with $10 costs, and a new jury ordered struck at a time to be fixed in the order. All concur.