EDNA SORENSEN, an Infant, by JESSIE KELLER, Her Guardian ad Litem, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The jury in these cases, which were tried together, was not selected in the immediate presence of the trial justice, now a common and accepted practice. The trial justice gave no instructions to the parties relative to the practice to be followed in the impaneling of the jury. Before the jury had been sworn, counsel for the plaintiffs peremptorily challenged the juror Ford, after having tentatively accepted him as a juror. The clerk said " juror Ford excused." Whereupon counsel for the defendants objected, claiming that inasmuch as the plaintiffs had once accepted Mr. Ford as a juror, they then had no legal right to peremptorily challenge him. ·Whereupon counsel for the parties took the matter before the trial justice for a ruling. At the direction of the trial justice, counsel for the parties placed upon the record their interpretation of the pertinent facts relative to the selection of the jury. The trial justice thereupon overruled the challenge and directed that juror Ford be returned to his seat and that the clerk explain to him that he had been excused by mistake. To this ruling counsel for the defendant excepted. The trial justice based his ruling upon what he claimed to be an inveterate practice in the Fifth Judicial District to the effect that a party having once accepted a juror could not thereafter excuse him unless it should be made to appear by further .examination that the juror was palpably unfit or disqualified to serve as a juror. No question as to the good faith of counsel for the plaintiff was raised or urged. As a result of the ruling, the plaintiffs were compelled to try their cases before a jury not satisfactory to them. Whatever the practice may be in the Fifth Judicial District, it must yield to pertinent statutory provisions. Section 448 of the Civil Practice Act provides that the first twelve persons approved as indifferent between the parties, and not discharged or excused, must be sworn and constitute the jury to try the issue.

Section 451 of the Civil Practice Act provides that in a civil case in a court of record, each party may peremptorily challenge not more than six. Section 372 of the Code of Criminal Procedure provides " A peremptory challenge is an objection to a juror, for which no reason need be given, but upon which the court must exclude him ". The provisions of section 372 have been substantially followed in civil cases. (*DePuy* v. *Quinn,* 61 Hun 237, 245, dissenting opinion.) In tentatively accepting the juror Ford, the plaintiffs waived none of their rights to thereafter challenge him peremptorily. That right continued until the jury were sworn. (*Hathaway* v. *Helmer,* 25 Barb. 29, 30, 31; *Dorman* v. *Broadway R. Co.,* 5 N. Y. S. 769, 770, reversed on other grounds in 117 N. Y. 655; *People* v. *Hughes,* 137 N. Y. 29, 36.) The determination of a challenge involves a legal right and may be reviewed on appeal (*Hildreth* v. *City of Troy,* 101 N. Y. 234; Civ. Prac. Act, § 450). It was imperative, under the facts, that the Trial Justice permit the peremptory challenge to the juror Ford and his overruling of the challenge constitutes reversible error. Further, a careful review of the evidence convinces us that the verdicts of no cause for action are against the weight of the evidence and the motion to set them aside and for a new trial should have been granted. All concur. Taylor, P. J., and Harris, J., concur for reversal on the law only. (The judgments are for defendants for no cause of action in an automobile negligence action. The order denies a motion for a new trial. Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 269 App. Div. 808.]