THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ARTHUR J. FROMEN, Appellant.

Fourth Department, July 9, 1954.

*John F. Dwyer, District Attorney (Merrill G. Windelburg, of counsel), for respondent.*

*William B. Mahoney* and *John B. Corcoran,* for appellant.

KIMBALL, J. Upon an examination of the record, we are satisfied that it was error for the court to require the defendant, by order, to exercise his last peremptory challenge when there were eleven unsworn jurors in the box or thereafter be precluded from taking a peremptory challenge to any one of those eleven. Such error was a deprivation of a substantial right and requires a reversal. (*People* v. *McQuade,* 110 N. Y. 284, 293; Code Crim. Pro. §§ 369, 371.) The eleven jurors in the box had been declared satisfactory to the People. The court then asked the defendant's counsel if the other jurors (the eleven) were satisfactory to him, to which counsel replied that he had made no determination as to that at that time. Another juror was called, examined and accepted by the People and again the District Attorney stated that the jury was satisfactory. The defense then excused a juror, leaving eleven in the box, none of whom had been sworn. At this point, the defendant had used four of his five peremptory challenges. The court then made the order which was reversible error, as follows: " I direct the defendant, if they have other excuses, that they exercise them now. It is a matter of timing. The law provides very specifically that the People must challenge first, and the People have exercised every challenge that they wished to exercise to this jury and declared it satisfactory to them. I now direct that the defendant, if they are to challenge, challenge all of the eleven — it is now — people who are in the box, whom they expect to challenge. It is a matter of timing, and that is the direction I give. You have an exception to it." The defendant's counsel then asked to have the exception noted and called the court's attention to the fact that he had only one challenge remaining " and pursuant to the direction which the Court has made to the defendant and his counsel, that the Court is now compelling the defendant to exercise at this particular time his fifth and last challenge ". The court said " Same ruling " and exception was taken. Defendant's counsel then said: " pursuant to that direction, we will exercise — without waiving our rights, of course — our last challenge to Juror No. 8." Thereafter two more jurors were drawn, one of whom was excused by the People, and another one was called and examined by both sides. The District Attorney announced that the jury was satisfactory and the court asked defendant

if it was satisfactory to him. Counsel replied: " We have no alternative, your Honor. Our excuses have been exhausted." Then the twelve jurors in the box were sworn for the first time.

At common law and by statute (Code Crim. Pro., § 371) the right of a defendant to exercise a challenge persists until the juror is sworn. There is no other rule by which the court may compel the exercise of the right at any prior time. We find no case in this State which holds to the contrary nor is any cited by the respondent upon this appeal. Authority is entirely to the contrary. (*People* v. *Carpenter,* 36 Hun 315; 50 C. J. S., Juries, § 282; *State* v. *Pritchard,* 15 Nev. 74.) The law laid down in *People* v. *Carpenter* (*supra*) is controlling here and the authority of that case has never been questioned. In that case, the court's instruction was: " you must exhaust all your challenges before any juror [takes] his seat in the jury box." (P. 316.) Before any juror was sworn, the defendant attempted to exercise two challenges but was not permitted to do so. On appeal, the court reversed and stated: " These sections [Code Crim. Pro. §§ 369, 371] establish a rule for the benefit of the accused which not only defines his rights as to the time when his challenge may be made, but secures them to him by force of statutory law. Under that rule he may challenge a person who appears as a juror at any time *before he is sworn,* and it is not in the power of a court to deprive him of that right. * * * When a jury is impanelled in the manner in which this was being done, that is, by filling the panel before any one is sworn, prudent counsel may, with entire propriety husband his peremptory challenges for use against more obnoxious persons that may be afterwards called; and when the box is full, if his challenges are not exhausted, then he may use them to sift out any of the panel whom his judgment or imagination, or caprice even, leads him to reject. " (Pp. 317, 319.)

In the instant case, the defendant was compelled by order or direction of the court, to exercise his last challenge as to the eleven then in the box or forever forego his right to do so. No juror had then been sworn nor did the court even order that those eleven be then sworn. The defendant had the right to withhold his last challenge as to No. 8 juror until the box was filled and accepted by the People. At that time and before the jury was sworn, he could have selected which of the twelve he deemed most necessary to peremptorily challenge. This right was denied to him and it may not be said that he did not have to use his last challenge on Juror No. 8. By the court's direc-

tion, he either had to then accept that juror without recourse or employ his last challenge to remove him. The defendant was compelled to challenge, if he was ever to challenge, at a time fixed by the court and not by the statute.

It is true that the time when the jury or the jurors shall be sworn is not controlled by statute. The trial court may determine the practice to be followed in that respect. It is a recognized method of impanelling a jury in a criminal case to swear each juror separately as he is examined and accepted by both sides. Such practice does not contravene the statute, since the defendant is afforded the opportunity to challenge each one after examination on his *voir dire* and before he is sworn. Such practice was approved by the Court of Appeals on appeal from the judgment of conviction in the second trial in the *Carpenter* case. (*People* v. *Carpenter,* 102 N. Y. 238, 247.) The Court of Appeals, however, pointed out that the method of drawing the jurors was established by the trial court " at the commencement of the trial, and communicated to the defendant's counsel ". It would seem that one or the other of the two methods of forming the jury may be employed by the trial court but that a combination of the two after the drawing has commenced may not be. It is evident that a switch from the full-box method where no juror is to be sworn until the jury is complete, to the individual method of acceptance and swearing could be most unfair to a defendant who was justified in relying on the continuance of the first method throughout. We are not, however, required in the instant case to pass upon that point. No juror was sworn until the box of twelve was complete and after the defendant had been compelled to forever accept or reject by challenge a juror, at a time fixed by the court.

The judgment of conviction and order should be reversed, and a new trial granted.

McCURN, P. J. (dissenting). It is within the discretion of the trial court to direct that the jurors be examined and sworn individually after each juror is accepted by counsel on both sides, or to defer the swearing in until all twelve jurors have been accepted as satisfactory by both sides (*People* v. *Carpenter,* 102 N. Y. 238, *supra*). Whichever method is used, it is well established that the defendant may exercise a peremptory challenge at any time before the juror is actually sworn. (*People* v. *Carpenter,* 36 Hun 315, *supra; Sorensen* v. *Hunter,* 268 App. Div. 1078.) We find no statutory or common-law rule, however,

which gives to the defendant the right to reserve his peremptory challenges until all twelve jurors are seated in the box. The approved practice of swearing each juror individually as soon as he has been pronounced satisfactory to both sides not only forecloses the further right of peremptory challenge as to such juror, but contravenes the idea that there is any right in the defendant to withhold his peremptory challenges until such time as all twelve jurors are seated in the box.

Here, the defendant was not deprived of any of his peremptory challenges. He was entitled to five peremptory challenges and used them all. In our view of it, he was deprived of no substantial rights which would warrant a reversal.

In *People* v. *Carpenter* (36 Hun 315, *supra*) the trial court, as in this case, instructed counsel at a time when there were eleven jurors in the box that he must then challenge peremptorily any juror which he wished to so challenge. Counsel did not challenge in accordance with the court's direction but thereafter and before the jury was sworn, attempted to peremptorily challenge two of the eleven jurors seated in the box at the time the directions were given. The court disallowed the challenge and the Appellate Division reversed on the ground that the challenge had been wrongfully disallowed. In sustaining defendant's exception to the disallowance of his challenge the opinion states at page 320: "To be available he must show on appeal that the ruling deprived him of some legal right. He could not do it by simply excepting to the rule; for the rule itself did not harm him till its operation deprived him subsequently of his challenge. If he challenged in conformity to the rule, his challenge would, of course, have been allowed, and he could assign no error in the allowance, for the juror would be rejected upon his own motion."

We think that the same reasoning applies here and that there is no showing that the defendant has been deprived of any substantial right by the erroneous direction of the court. We therefore dissent and vote for affirmance.

All concur, except McCurn, P. J., and Vaughan, J., who dissent and vote for affirmance in an opinion by McCurn, P. J. Present — McCurn, P. J., Vaughan, Kimball, Piper, and Wheeler, JJ.

Judgment of conviction and order reversed on the law and a new trial granted.