ELLIS M. SANTEE, Respondent, *v.* THE STANDARD PUBLISHING COMPANY, Appellant.

*Trial juror — his partner's friendship with the defendant's attorney not a sufficient ground of objection — the exclusion on that ground of a competent juror justifies a reversal of the judgment — right of the court to summon talesmen.*

It is not a good ground of objection to a trial juror that his partner was a friend of the defendant's attorney in the action to be tried, and the court has no power, on that ground, to set aside a juror who has been legally summoned and sworn in without objection, and to whose competency no legal objection has been made.

In such a case the fact that it does not appear that the party, subsequently objecting to such action on the part of the court, had exhausted his peremptory chal-

lenges, and that the case was tried, so far as appears, by a competent and impartial jury, does not cure the error committed by the exclusion of such competent juror.

Where the regular panel of jurors summoned by the sheriff has been exhausted, the court has a right to direct that talesmen be summoned from the bystanders, in order to complete the jury for the case on trial.

APPEAL by the defendant, The Standard Publishing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 2d day of February, 1898, upon the verdict of a jury for $600, and also from an order entered in said clerk's office on the 3d day of February, 1898, denying the defendant's motion for a new trial.

*White & Cheney,* for the appellant.

*Horace L. Bronson,* for the respondent.

HERRICK, J.:

The regular panel of jurors summoned by the sheriff having been exhausted, the court had a right to direct talesmen to be summoned from the bystanders in order to fill up the jury for this case. (Code Civ. Proc. §§ 1171, 1172.)

Section 1174 provides that any person so notified to attend must attend forthwith, and, " unless excused by the court or set aside, must serve as a juror upon the trial." Under this clause it is contended that the act of the court in discharging Juror Hout was not error.

It will be observed that the section says the juror shall serve " unless excused or set aside ; " the terms used are not synonymous, but mean entirely different things ; " excused " in this section means, I take it, where a person is relieved from jury duty upon his own application, for his convenience, or for reasons personal to himself, or upon the court's own motion, because the person's services are not necessary, or because it sees fit to excuse him for the reason it finds him an unfit or incompetent person to serve. Such person is " set aside " because of objections raised to his serving by one or the other of the parties to the action.

In this case it must be obvious that the juror in question was not " excused " by the court within the meaning of the Code ; he was " set aside " because of the objections made to him by the plaintiff,

and he was "set aside" after he had been regularly sworn in as a juror to try this case.

The ground of the objection was that the partner of the juror was a friend of the defendant's attorney.

Without discussing the evidence, I do not think it was sufficient to warrant his exclusion from the jury.   (*People* v. *McQuade*, 110 N. Y. 284.)

Indeed, the trial court found that he was a fair and impartial juror, but stated, "If, however, this case were now tried and the verdict should be for the defendant, the plaintiff and his attorney would always believe that this thing had something to do with it, and justice would thereby be discredited.   Therefore, I think that, without any reflection whatever upon this juror, the juror should be excused and he is excused."

The man being legally and properly summoned to serve upon the jury, and sworn in without objection, in the absence of any legal objection to his competency as a juror, I do not think that the court had power to set him aside because of the reasons suggested by it.

The fact that it does not appear that the defendant had exhausted its peremptory challenges, and that the case was tried, so far as appears, by a competent and impartial jury, does not obviate the error committed by the exclusion of a competent juror.   (*Hildreth* v. *City of Troy*, 101 N. Y. 234; *People* v. *McQuade*, 110 id. 284, 306.)

There is no evidence of express malice, and it is at least doubtful whether there was any evidence justifying a verdict for punitive damages or smart money.

The judgment should be reversed, and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed, new trial granted, costs to abide the event.