WILL JACKSON, PLAINTIFF IN ERROR, VS. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

Chapter 4400 of the acts of 1895 forbids the State's counsel to
comment on the failure of the accused to testify in his
own behalf. Such comment constitutes reversible error
even though it be made in disclaiming the intention to
argue certain conclusions therefrom and not in urging
such argument.

This case was decided by Division B.

Writ of error to the Criminal Court for Hillsborough
County.

The facts in the case are stated in the opinion of the
Court.

*Wall & Hampton,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

MAXWELL, J.

The plaintiff in error upon his trial in the court below
for burglary did not testify as a witness. A State wit-
ness had identified him when brought before her as the
man whom she found in her room at night, and testified
to the fact upon the witness stand. Commenting upon
this testimony the attorney assisting the State in the
prosecution in his argument to the jury said: "There
was no denial of that accusation then, and there is none
now." This was objected to by the defendant's counsel
as in violation of the provision in Chapter 4400, acts of

1895, that no prosecuting attorney shall be "permitted before the court or jury to comment on the failure of the accused to testify in his own behalf." This objection was sustained as to the words "and there is none now," whereupon the attorney for the State disclaimed any intention of referring to the failure of the defendant to testify, and against the objection of the defendant's counsel was permitted at some length to make an explanation of his position to the jury in which, among other things, he said: "I do not mean for one moment to contend before you that I have the right to argue to you that you should convict this defendant because he has not seen fit to become a witness in his own behalf, * * * how in the next breath could I have meant to convey to your minds that you were to be prejudiced against this defendant, or that you were to find him guilty or even to consider it as an element of guilt that he did not go upon the witness stand."

The effect of this was to call to the attention of the jury the fact that the failure of the defendant to testify might be used as an argument along the various lines suggested, and while the reference thereto was made in good faith in negativing such a purpose rather than in pursuing it, it was none the less violative of the statute above mentioned. The prohibition of the statute is not limited to philippics against the prisoner based upon his failure to testify, but extends to any comment upon such failure. There may be some circumstances where reference to the fact may be made in such form as not to constitute reversible error, as in the case of State v. Mosley, 31 Kan. 355, 2 Pac. Rep. 782, but the remarks made in this case are not of that character. Wilson v. United States, 149 U. S. 60, 13 Sup. Ct. Rep. 765; State v. Holmes, 65 Minn. 230, 68 N. W. Rep. 11; State v. Moxley,

102 Mo. 374, 14 S. W. Rep. 969; 15 S. W. Rep. 556; Yarbrough v. State, 70 Miss. 593, 12 South. Rep. 551; Reddick v. State, 72 Miss. 1008, 16 South. Rep. 490; Watt v. People, 126 Ill. 9, 18 N. E. Rep. 340; State v. Graham, 62 Iowa, 108, 17 N. W. Rep. 192; Ruloff v. People, 45 N. Y. 213; State v. Balch, 31 Kan. 465, 2 Pac. Rep. 609; Hunt v. State, 28 Tex. App. 149, 12 S. W. Rep. 737, criticised in Parker v. State, 39 Tex. Crim. App. 262, 45 S. W. Rep. 812.

The error was not cured by instructions to the jury, as may be done, according to some authorities, but defendant's objection was overruled and the remarks held to be proper.

For this the judgment must be reversed and the cause remanded for a new trial.