RAYMOND STONE, by his Next Friend, Respondent,
v. LOUIS LERITZ, Appellant.

**Kansas City Court of Appeals, July 6, 1914.**

NEGLIGENCE: Collision Caused by Driving on Wrong Side of Street: Sufficiency of Evidence: Jury Question. Plaintiff sued for damages sustained by a collision with defendant's wagon caused by the latter's negligence in being on the wrong side of the street in violation of a city ordinance. The evidence showed that plaintiff was prevented from seeing defendant's wagon was out of place until close upon it. Owing to the presence of a street car and an automobile on the street at the point, there seemed to be only one way to avoid the collision and plaintiff took it but failed. *Held*, that the question of plaintiff's contributory negligence was for the jury, and the evidence was sufficient to justify the submission of the case thereto.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson*, Judge.

AFFIRMED.

*Sharp & Sharp* and *Ed. E. Aleshire* for appellant.

*Botsford, Deatherage & Creason* and *W. N. Deatherage* for respondent.

TRIMBLE, J.—Plaintiff, not quite sixteen years old, was engaged in Messenger Service. On November 27, 1912, in going east on the right-hand side of Fifteenth street in Kansas City Mo., riding a bicycle

and approaching the intersection of Fifteenth and Campbell streets, he collided with one of defendant's moving vans at or near the southwest corner of said intersection, and was run over by said van, suffering a broken leg and other painful bodily injuries.

He brought this suit by next friend charging that the collision was the direct and proximate result of the negligence of defendant's servant in driving said van on the left-hand side of the street in violation of an ordinance of the 'city which required that ''Every person using any vehicle on any street in the city of Kansas City, shall operate, drive or ride such vehicle on the portion to the right of the center of the street, except where the right side of the street is in such condition as to be impassable.''

A jury in the circuit court heard the evidence and returned a verdict for $800. Defendant appeals, and claims that his demurrer to the evidence should have been sustained because plaintiff was guilty of contributory negligence. Of course, before such claim can be effectual here, plaintiff must be guilty of contributory negligence as matter of law. Contributory negligence as a jury question has been set at rest by the verdict, and if the case presents it as no more than a jury question, we ought not to interfere and shall not.

A reading of the record clearly discloses that it was merely a question for the jury. Plaintiff cannot be held guilty of contributory negligence as a mere cold proposition of law. A statement of the facts will demonstrate this.

Campbell street, thirty-six feet wide from curb to curb, runs north and south. Fifteenth street runs east and west and crosses Campbell, of course, at right angles. From the west line of Campbell street west, Fifteenth street, between curbs, is forty-nine feet wide; while from the east line of Campbell street east, Fifteenth street is seventy-six feet wide from curb to

curb. As stated, plaintiff was riding his bicycle along the south side of Fifteenth approaching the intersection of Campbell street. A three-story hotel stood flush with both streets at the southwest corner of the intersection. Plaintiff, as he approached the intersection could not, because of this hotel, see any part of Campbell street south of the intersection. That is, he could not see or know that defendant's wagon was also approaching the same corner coming from the south and going north, and *on the left-hand side of the street*. It is true, he saw the team when it came past the corner into the square formed by the intersection, and of course knew *then* that the team and the wagon behind it were on the wrong side of the street and where no one in his situation would have reason to expect them, but *at this time* he was so close to the wagon and team that he could not stop or avoid the collision. He turned south on Campbell in an attempt to do so, and would have succeeded had defendant's wagon been even a few feet nearer the side of the street it should have been on. This is shown by the fact that, even as it was, plaintiff's bicycle came very near escaping by getting between the wagon and the west curb of Campbell street, but the rear wheel of the wagon caught his bicycle and threw plaintiff under the wagon. A very few feet more of space would have enabled the boy to escape the collision.

Campbell street, south of Fifteenth, was paved and in good condition. There was, therefore, no reason for defendant's wagon being on the left side of the street, and its being there was in violation of the ordinance. If such act proximately caused plaintiff's injury, and his negligence did not contribute thereto, defendant is liable. [Jackson v. Kansas City, etc. R. Co., 157 Mo. 621, l. c. 634; Brannock v. Elmore, 114 Mo. 55, l. c. 59; Dahlstrom v. St. Louis, etc. R. Co., 108 Mo. 525.] Plaintiff, in the absence of notice to the contrary, had a right to rely upon the assumption

that no one would be travelling north on that side of the street, but that the ordinance governing that matter would be obeyed. [Brannock v. Elmore, supra; Dahlstrom v. St. Louis, etc. R. Co., supra; Sullivan v. Mo. Pac. Ry. Co., 117 Mo. 214.] These cases also hold that the question of contributory negligence is for the jury in a case like the one at bar.

Plaintiff cannot be held conclusively guilty of contributory negligence because he did not see the wagon or team in time to stop. He was not going at a negligent rate of speed. He was not approaching a situation known to be dangerous. It is not like a case where one is approaching a railroad crossing which is of itself a danger signal. He would cross a street car track a few feet further on it is true, but, at the speed he was traveling, his machine was under sufficient control to have avoided the danger had it been even so little further on as that.

Neither can it be said that plaintiff was negligent in turning to the south in the attempt to avoid the collision, or in not seeing the horses heads before he was so close to the intersection. Until he was within thirty feet thereof an automobile in front of him and going in the same direction obscured his view. This automobile suddenly increased its speed, going east, and swerved a little to the north to get across Campbell street in front of the team. Plaintiff could not follow in the wake of the automobile and also cross in front of the team because the team kept on coming north intercepting plaintiff from following the automobile. It was at this moment plaintiff first had notice that the defendant's wagon was on the wrong side of the street and only three or four feet from the west curb thereof.

Just north of the north track in Fifteenth street was another of defendant's wagons going north on Campbell, and a street car going west on Fifteenth came behind this wagon as it cleared the track. The automo-

bile in front of plaintiff speeded up and quickly passed on east through the narrow and constantly narrowing space between this street car and the team just coming into Fifteenth street from Campbell hauling the wagon with which plaintiff collided. There was, therefore, no place for plaintiff to go to escape an inevitable collision, except to turn to the south on Campbell in the hope that escape was possible in that direction. Had he gone any other way he would certainly have collided with the team or the street car. He could not stop in the few feet remaining between him and the wagon after he had notice of its presence and location. He could have stopped in the space afforded if defendant's wagon had been on the right side of the street in obedience to the ordinance. His machine was so under control that he turned south on Campbell and would have avoided the collision even then had defendant's wagon been even a foot or two nearer the side it should have been. Plaintiff's evidence does not admit of the construction defendant seeks to place upon it, namely, that he was going down the street with his machine so beyond his control that he could not stop it in the exercise of ordinary care. All that plaintiff testified to was that in the few feet left to him after discovery of the wagon and team in its unwonted, unexpected, and negligent position, he could not stop his bicycle. Clearly the question of his contributory negligence was for the jury and not for this court to settle.

Error is also charged because of slight modifications made by the court in instructions, but these complaints are without merit. The instructions fairly and clearly presented the issues to the jury. It found a verdict for plaintiff. It is a reasonable one and the evidence fully justified it. The judgment is, therefore, affirmed. The other judges concur.