JAMES LEE, SR., *Plaintiff in Error*, v. THE STATE OF FLORIDA *Defendant in Error*.

Opinion Filed February 24, 1915.

1.   Where one under arrest hands his shoe to the officer in charge, who places the shoe in a track near the scene of the homicide, the latter may testify that the shoe fitted the

track exactly, even though he did not warn the former agains incriminating evidence.

2. A single exception to three refused instructions will not avail, where one of the instructions is argumentative and the others covered by the general charge.

3. The evidence sustains the verdict.

Writ of Error to Circuit Court for Nassau County; Geo. Couper Gibbs, Judge.

Judgment affirimed.

*Marion & Waybright,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—The plaintiff in error was convicted of murder in the first degree, and there being a recommendation to mercy, he was sentenced to life imprisonment.

We might refuse to entertain any of the assignments of error, by reason of the very great irregularity in the settlement of the bill of exceptions upon which all the assignments of error are based, but the State has declined to take advantage of the irregularity, and the bill was actually signed by the Circuit Judge who tried the case.

A few hours after the homicide, this accused was taken to the scene. The officer in charge testified to the similarity of the tracks made by Lee, with those plainly marked in soft sand going from the scene. The accused at the officer's suggestion took off a shoe, and the officer

testified that it fitted the track exactly. This testimony
was objected to upon the sole ground that he could not
testify as to how that track is compared with Jim Lee's,
which was merely repeating that he objected. No objec-
tion was then urged as to the officer not warning the
defendant as to his right to decline incriminating evi-
dence, and it would appear to have been entirely volun-
tary. After the whole matter had been thoroughly
thrashed out there was a motion interposed to strike all
the evidence in regard to placing the shoes in the tracks
on the ground of compulsion. We think the motion was
properly refused as being not timely made, and further
that even though the act of handing over the shoe be
considered as constructively compulsion, yet the evidence
was competent. See Dickens v. State, 50 Fla. 17, 38
South. Rep. 909; Moss v. State, 146 Ala. *686, 40 South.
Rep. 340; State v. Fuller, 34 Mont. 12, 85 Pac. Rep. 369,
8 L. R. A. (N. S.) 762; Myers v. State, 97 Ga. 76, 25
S. E. Rep. 252; State v. Arthur, 129 Iowa, 235, 105 N. W.
Rep. 422; Krens v. State, 75 Neb. 294, 106 N. W. Rep.
27; People v. Van Wormer, 175 N. Y. 188, 67 N. E. Rep.
299; State v. Graham, 74 N. C. 646; State v. Sanders, 75
S. C. 409, 56 S. E. Rep. 35; Walker v. State, 7 Tex. Ct.
App. 245, 32 Am. Rep. 595; Thornton v. State, 117 Wis.
338, 93 N. W. Rep. 1107; 4 Wigmore on Ev., Section
2265; 2 Wharton's Crim. Ev., Section 965. This is not
a case where an inference is sought to be drawn from a
refusal to permit the use of a shoe, or to make a track.

There was a single exception to the refusal to give
three instructions requested by the accused. Error is
assigned as to two of them only, a tacit admission that
one was properly refused. One of them is clearly argu-

mentative, and the others sufficiently covered by the court's general charge.

Great stress is laid upon the alleged insufficiency of the evidence to identify the accused with the commission of the homicide. We think, however, that the State made out a plain case, while the jury was amply justified in declining to accept the defense of an alibi.

Judgment affirmed.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, JJ., concur.