THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DORR M. DENNIS, Defendant.*

Supreme Court, Broome County, January 5, 1928.

Crimes — operating  motor  vehicle  while  intoxicated — information charged violation of Highway Law, § 290, subd. 3, for operating vehicle while intoxicated and recited defendant was arrested in street — information is defective — arrest made without warrant — court acquired no jurisdiction — court erred in excusing juror who stated he could lay aside opinion and render impartial verdict — compulsory physical examination of defendant to determine whether or not he was intoxicated condemned — appeal allowed and defendant admitted to bail.

An information charging a violation of subdivision 3 of section 290 of the Highway Law, for operating a motor vehicle while intoxicated, and reciting that defendant was arrested in the street, is defective and if the arrest was made without a warrant the court apparently acquired no jurisdiction.

* Revd. in part, 132 Misc. 410.

On the trial at which defendant was convicted of the offense charged in the information, it was error to excuse a juror, who, after having stated he had an opinion, declared he could lay it aside and render an impartial verdict upon the evidence.

A compulsory physical examination of defendant by a physician immediately after his arrest and before conviction, for the purpose of determining whether or not he was intoxicated, should be condemned as in violation of the constitutional mandate that no person shall be compelled in a criminal case to be a witness against himself.

The objections raised by defendant are sufficient to raise a reasonable doubt as to whether or not the conviction should stand and his appeal therefrom should be allowed and defendant admitted to bail; it is not necessary that the judge to whom the application for an appeal from a conviction is made should be satisfied that the judgment will be reversed.

APPLICATION by the defendant for the allowance of an appeal from his conviction by the Court of Special Sessions of the city of Cortland and also that bail be fixed and he be discharged from custody pending the determination of the appeal.

*William H. Coon,* for the plaintiff.

*T. E. Courtney,* for the defendant.

RHODES, J. The defendant was convicted of the offense of operating a motor vehicle while intoxicated, under the provisions of subdivision 3 of section 290 of the Highway Law (as amd. by Laws of 1926, chap. 732), such offense being a misdemeanor. In the affidavits presented in his behalf on this application it is claimed that he was arrested without a warrant while standing on Homer avenue in the city of Cortland on the 18th day of October, 1927, by a policeman of said city who appeared at the scene after defendant's automobile is claimed to have injured the wife of the night captain of police. He was taken to police headquarters. No warrant was ever issued but a so-called information was made by the police officer, which information recites in part as follows: " Roger Bartlett, being duly sworn for information and complaint, deposes and says that on the 18th day of October, 1927, on Homer Ave. Street, in the City of Cortland, in said County, which was a public place therein, he arrested Dorr Dennis, where he found him at the time of such arrest Violation 290–3 of the Motor Vehicle Law Operating a motor Vehicle while in an Intoxicated Condition for which offense deponent forthwith apprehended him and has brought him before Louis R. Dowd, City Judge of said City, for examination upon said charge   *   *   *."

The information was defective, and if the defendant's statements are correct that he was wrongfully arrested without a warrant, then it would seem the court acquired no jurisdiction. (See *People ex rel. Kingsley* v. *Pratt,* 22 Hun, 300; *People* v. *Howard,* 13 Misc.

763.) It is true that a conviction was sustained in *People* v. *Iverson* (46 App. Div. 301), where the defendant was arrested without a warrant during a fight which occurred in his establishment in the city of Poughkeepsie, and was charged with being a disorderly person. The court said: " Whether the officer who arrested him should have had a warrant does not affect the question of his conviction after he was once within the jurisdiction of the court." However, in the case at bar the defendant was not only arrested without a warrant, but the information upon which he was held and charged was defective so that the court apparently acquired no jurisdiction, and it, therefore, seems that the facts presented come within the rule laid down in *People ex rel. Kingsley* v. *Pratt* (*supra*).

The defendant also claims that at the trial one O'Leary was examined as a juror and stated that he had an opin on which he could lay aside and that he could render an impartial verdict upon the evidence. The magistrate excused the juror. If the juror was competent, then it was error to excuse him. (*Santee* v. *Standard Publishing Company*, 36 App. Div. 555.)

Defendant also claims that immediately following his arrest the night captain of police brought a physician, Dr. Kelley, to the police station for the purpose of determining whether or not defendant was intoxicated. Defendant was not represented by counsel and it appears this examination was compulsory.

Section 6 of article I of the State Constitution provides, among other things, that no person shall be compelled in any criminal case to be a witness against himself.

While no case has been called to my attention bearing directly upon the question, it has been held that compulsory finger printing before conviction is in violation of the constitutional mandate that no person shall be compelled in a criminal case to be a witness against himself. (*People* v. *Hevern*, 127 Misc. 141.) If finger printing before conviction is unconstitutional, it would seem that a forcible examination of an accused is likewise to be condemned. (See, also, *People* v. *Stein*, 221 App. Div. 500.)

The defendant raises further objections as to the legality of the proceedings resulting in his conviction, which I deem unnecessary to discuss. Under section 753 of the Code of Criminal Procedure, the defendant is required to satisfy the court that there is reasonable doubt whether the conviction should stand before the defendant is entitled to be admitted to bail pending appeal. I think the objections raised by the defendant and which I have alluded to, are sufficient to raise a reasonable doubt as to whether or not the conviction should stand. It is not necessary that the

judge to whom the application is made shall be satisfied that the judgment will be reversed. (*People* v. *Hummel,* 49 Misc. 136; *People* v. *Meadows,* 62 id. 573.)

The appeal should, therefore, be allowed and the defendant admitted to bail, which is hereby fixed at the sum of $2,000.