PIETRO TORELLI, Respondent, *v.* EASTMAN KODAK COMPANY, Appellant.

Fourth Department, November 8, 1940.

*Goodwin, Nixon, Hargrave, Middleton & Devans* [*W. Clyde O'Brien* of counsel], for the appellant.

*William L. Clay,* for the respondent.

PER CURIAM. The defendant appeals from a judgment entered upon a jury verdict awarding the plaintiff a substantial sum of money in an action which was brought by the plaintiff to recover damages for personal injuries. Two causes of action are set forth in the complaint. The first charges negligence and the second breach of a statutory duty (see *Schmidt* v. *Merchants Dispatch*

*Transportation Co.*, 270 N. Y. 287); both charge that the defendant's wrongful acts caused injury to the plaintiff's lungs which resulted in pneumoconiosis. The case was submitted to the jury on both causes of action but the jury was not required to indicate whether its verdict was based upon one or both. A careful reading of the record leads us to conclude that a verdict, based on either cause of action, is against the weight of evidence.

We are also of the opinion that the question of the defendant's liability under the second cause of action should not have been submitted to the jury because proof was lacking that the defendant had failed to provide the safeguards specifically required by the statute. (Labor Law, § 299, subds. 2, 3.)

" Violation of a rule of the Industrial Board, however, constitutes merely some evidence which the jury may consider on the question of defendant's negligence, along with other evidence in the case which bears on that subject." (*Teller* v. *Prospect Heights Hospital,* 280 N. Y. 456, 460.)

We are of the further opinion that error was committed in impaneling the jury. On plaintiff's challenge and over the defendant's objection, the court — without trying the challenge — summarily excused eight jurors upon the sole ground that they were related to employees of the defendant. This error was prejudicial to the defendant. (*Butler* v. *Glens Falls, S. H. & F. E. S. R. R. Co.*, 121 N. Y. 112, 116; *Hildreth* v. *City of Troy*, 101 id. 234; *People* v. *McQuade*, 110 id. 284, 303; *De Puy* v. *Quinn*, 61 Hun, 237; *Santee* v. *Standard Pub. Co.*, 36 App. Div. 555.)

We have considered the appellant's contention that, to receive in evidence over its objection an X-ray photograph of a human chest of some unknown person as a standard of normality, was error. While the court has discretion to receive in evidence X-ray photographs of normal organs which correspond to those organs of the plaintiff which are claimed to have been injured (see III Wigmore on Evidence [3d ed.], § 795, and cases cited), we believe that the particular circumstances in this case might well have moved the court to exercise its discretion against the admission in evidence of this photograph. However, we do not consider this ruling as prejudicial.

The judgment and order should be reversed on the law and on the facts, and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.