**MARION EUGENE TOUCHTON v. STATE OF FLORIDA**

18 So. (2nd) 752                                    January Term, 1944
April 11, 1944                                      Division A
Rehearing granted May 12, 1944
Opinion on Rehearing filed June 23, 1944

*Joseph W. Nichols,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

ADAMS, J.:

Appellant was convicted of manslaughter on an information in two counts. The first charged the killing of one Grover C. Folks by driving an automobile onto him while intoxicated. The second count charges culpable negligence resulting in the killing.

He questions the sufficiency of the evidence and also the propriety of taking samples of his blood immediately after his arrest to determine by chemical analysis whether he was intoxicated.

A resume of the evidence here would serve no useful purpose unless it might emphasize the tragic consequences resulting from the act of those who drink and drive. There is nothing new in this record. It is similar to numerous cases reaching the courts. The driver starts on a trip by auto with loved ones. He begins to drink and drive faster. He collides with another motorist and kills the latter. Although he protests that he was not drinking and was driving at a moderate rate of speed, his testimony is refuted on every phase to the satisfaction of the jury and the trial judge. Sentence was passed and an order of insolvency was entered to bring the judgment here for review. We have examined the evidence in its entirety and find it sufficient to sustain the verdict and judgment.

Shortly after the collision the appellant was arrested and carried to a hospital for treatment for injuries sustained by him in the collision. While in the hospital a sample of his blood was taken and a chemical test of it was made. The result of the blood test was submitted to the jury to prove intoxication. Appellant claims that this was a violation of Sec. 12, Declaration of Rights, Florida Constitution, providing "No person shall be . . . compelled in any criminal case to be a witness against himself. . . ."

Constitutional inhibitions of this character grew out of the common law right of the accused against self-incrimination. The rule is set forth in C.J.S., Vol. 22, Sec. 651, Criminal Law that:

"Evidence resulting from a medical examination of accused for the purposes of the prosecution rather than for treatment, after an accusation has been made against him, is admissible where, in the absence of any compulsion, accused submits or consents to the examination."

See also Greenleaf on Evidence, 16 ed. Sec. 469e, and Wigmore on Evidence, 3 ed. Sec. 2263.

In the case at bar appellant makes no claim that the blood extracted or the experiment made was against his will. He asserts that no sample of blood was taken from him, hence we are only called upon to approve the rule where the sample was taken without protest. The trial court did not receive the evidence until satisfactory evidence was presented by the State that the samples were taken from appellant. We hold that the ruling was free of error. See State v. Duguid, 50 Ariz. 276, 72 Pac. 2d. 435.

All other questions presented have been considered and we find the judgment proper, hence the same is affirmed.

Affirmed.

BUFORD, C. J., TERRELL, and CHAPMAN, JJ., concur.

PER CURIAM:

We adhere to our former judgment of affirmance.

TERRELL, BROWN, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., agrees to conclusion reached in the original opinion.

SEBRING, J., concurs in conclusion reached.

BUFORD, C. J., dissents.

BUFORD, C. J., dissenting:

I dissent from order adhering to our former judgment of affirmance, because it appears to me:

(a) that the evidence is not sufficient to show that certain blood which was examined by the physician who testified in the cause in regard to same was taken from the defendant.

(b) I entertain the view that the evidence as to the analysis of the blood was not legally admissible in evidence even if it was the blood of the defendant, because it was taken under such circumstances as to preclude its admissibility in that no warning was given defendant that his blood was being taken for the purpose of making an analysis which would be used against him in a criminal prosecution. See Bethel, et al., v. State, 10 S.W. (2nd) 370; State v. Horton, 153 S.W.

1051; State v. Matsinger, 180 S.W. 856; State v. Newcomb, 119 S.W. 405; People v. Corder, 244 Mich. 274; People v. Dennis, 226 N.Y.S. 689; Wragg v. Griffin, 170 S.W. 400; People v. Akens, 25 Cal. Ap. 373.

There appear to be some authorities contra, but I think evidence procured by the means adopted in this case should not be admitted, especially when there is room for serious doubt as to the origin of the evidence. In this case the admitting of the evidence may constitute harmless error and, therefore, not be ground for reversal. However, I think it was error and should be so held.