107 So.2d 179 (1958)
STATE of Florida, Petitioner,
v.
William WARDLAW, Respondent.
No. 604.
District Court of Appeal of Florida. Second District.
November 14, 1958.
Rehearing Denied December 22, 1958.
R.B. Huffaker, State Atty., Tenth Judicial Circuit of Florida, Bartow, and Joseph O. Macbeth, Asst. State Atty., Tenth Judicial Circuit of Florida, Sebring, for petitioner.
Boone D. Tillett, Jr., Tillett & Mann, Lake Wales, for respondent.
PER CURIAM.
The respondent was tried and convicted in the County Judge's Court in and for *180 Highlands County, Florida, of the charge of operating a motor vehicle over a public highway of this state while under the influence of an intoxicating liquor to the extent that his normal faculties were impaired.
The record shows that the results of the drunkometer test were admitted in evidence by the trial judge to corroborate the testimony of other witnesses for the state. The conviction of the respondent was appealed to and reversed by the Circuit Court. The Circuit Judge, in his Order of reversal, stated:
"* * * that if such drunkometer test was correct, the condition of appellant (Respondent) was such that he did not have full possession of his normal faculties and that his consent thereto did not waive his constitutional right against self incrimination."
We do not think the record supports this finding of the learned Circuit Judge.
Further, the Circuit Judge held that the "balloon or drunkometer" is inadmissible in a criminal trial as being unreliable, yet he suggests that the drunkometer test may serve highly important purposes if used by officials to detect diabetic shock, dangerously high alcoholic blood content and other dangerous symptoms requiring the prompt attention of a physician. Neither do we agree with the Circuit Judge in his conclusion that the balloon or drunkometer test, if properly handled, is so unreliable as to be inadmissible in evidence to corroborate the testimony of other witnesses.
The Circuit Judge, in his Order of Reversal, further stated:
"On the facts of this case, the conviction of Appellant (Respondent) was obtained by methods that offend his constitutional rights."
We have carefully reviewed the record, and it appears that the respondent was fully advised of his constitutional rights prior to being offered the drunkometer test, that he voluntarily took it and that his condition at the time of accepting the drunkometer test was such that he was fully conscious of his surroundings and was mentally capable of understanding and realizing the effect of his consent. See Touchton v. State, 1944, 154 Fla. 547, 18 So.2d 752.
The respondent, in his brief, relies solely on the principle set forth in the case of Strine v. State, Fla., 86 So.2d 426, wherein the Supreme Court, in denying petition for Writ of Certiorari, stated that the judgment of a Circuit Court reversing the judgment of an inferior court and remanding the cause for trial is not such a final judgment as will support certiorari.
The question now arises as to whether the error of the Circuit Court in reversing the trial court with directions that the use of the drunkometer was improper and with the further directions that the consent to its use by the respondent who was under the influence of an intoxicating beverage to the extent that his normal faculties were impaired was a violation of his constitutional rights against self incrimination is such as to be an exception to the principle enunciation in the Strine case and so as to authorize granting of certiorari.
We think so. We hold that the Order of reversal clearly shows that this case comes within the exceptions to the holding in the Strine case, supra. Bringley v. C.I.T. Corporation, 1935, 119 Fla. 529, 160 So. 680. Therefore, certiorari is granted and the Order of reversal by the Circuit Court is hereby quashed with directions to affirm the judgment of the trial court.
ALLEN, Acting Chief Judge, SHANNON, J., and STEPHENSON, GUNTER, Associate Judge, concur.