109 So.2d 163 (1959)
Sam Wiley ODOM, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
February 18, 1959.
*164 W.M. Kennedy, Mount Dora, and W.B. Hunter, Tavares, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant, 18 years of age, was convicted of committing rape and, in the absence of a recommendation of mercy, was sentenced to death by electrocution. The significance of his age will appear as we discuss the first reason urged by his counsel for reversal of the judgment.
In making a record of the trial proceedings the court reporter did not set down the arguments of the state attorney or the attorney for the defendant, no request having been made that he do that. Their comments, as accurately as they could be recalled by the reporter, were related by him at a hearing on the motion for new trial and were evidently introduced in accordance with the provision of Sec. 920.07, Florida Statutes 1957, and F.S.A., that when such a motion requires decision of a question of fact, the court may hear evidence by affidavit "or otherwise."
Inasmuch as the Attorney General and counsel for the appellant adopt, for the purpose of decision of the first question, the record produced at the hearing on the motion we will pass directly to an examination of its contents.
The testimony of the reporter was offered by counsel for the appellant. He had heard the arguments of the attorneys for the state and the defendant and remembered that the former had referred to the failure of the defendant to deny that he committed the crime with which he was charged. During cross-examination the witness was asked whether or not counsel for the defendant had stated to the jury that he did not deny the guilt of the accused and answered "[y]es, very substantially words to that effect." He was then asked whether or not he could "state positively Mr. Kennedy [attorney for defendant] in his opening argument said to the Jury that the accused did not deny or words to that effect, the offense" and answered "He said substantially this Mr. Oldham [State Attorney]. He said, we simply ask for the mercy of this Jury for this boy."
Such was the testimony developed when the motion for new trial was presented so far as it related to the point now being considered. It is plain that the state attorney did comment on the failure of the appellant to deny guilt. But the consequence of the remark cannot be gauged without an examination of the record of the trial to fix the position then taken by the appellant in order to determine whether or not the protection guaranteed him by Sec. 918.09, Florida Statutes 1957, and F.S.A., namely, that no prosecuting attorney shall "be permitted before the jury * * * to comment on the failure of the accused to testify in his own behalf," was disregarded.
*165 During the trial, the appellant had voluntarily become a witness and had been asked but three questions, his name, his age, 18, and the grade he had reached in school, the seventh. There was no cross-examination.
We said at the outset that the age of the appellant was significant. These simple questions coupled with the recollection of the reporter, upon which the counsel for the appellant depended to support the position that reversible error was committed when the state attorney referred to absence of negation of guilt by the appellant, lead unerringly to the conclusion that it was the strategy of the defense to seek mercy because of the appellant's youth and lack of schooling. The thought is strengthened by the absence here of any contention that the evidence did not establish the perpetration of rape.
The factual situation we have so far related makes the present controversy somewhat similar to the one we considered in Waid v. State, Fla., 58 So.2d 146, when we held that if counsel for a defendant remarked to a jury upon the lack of testimony by the defendant and the reason for it, reversal would not be justified by rebuttal argument containing reference to the plaintiff's failure to take the witness stand.
However, we will decide the controversy on the two points the appellant directly presents. He cites many of the cases in which we have held that a reference forbidden by the statute constituted reversible error. Illustrative of the cases in which such rulings were recently made are Way v. State, Fla., 67 So.2d 321, Trafficante v. State, Fla., 92 So.2d 811, and Gordon v. State, Fla., 104 So.2d 524. In the latest of these it was observed that this court as early as 1903, in Jackson v. State, 45 Fla. 38, 34 So. 243, and consistently since, had secured to defendants the safeguard of the law. In each of the cases already cited it appeared, though, that the person on trial did not take the oath and become a witness. That is not true of the immediate case.
It is argued now that since the appellant was asked but three questions, that were innocuous, he should be sheltered as if he had not assumed the role of witness. Were the contention accepted by this court, we would put our imprimatur upon the procedure of asking a defendant just enough questions to furnish an introduction to a plea for sympathy or mercy, then reverse the judgment, because of the inhibition of the statute, when sympathy or mercy had not been forthcoming. We do not adopt the view and, furthermore, we do not think that invocation of the statute depends on the quantity and quality of the testimony of a defendant once he has become a witness for himself.
On the contrary it is our conviction that the test found in the plain language of the statute is absolute, and that its application is not a matter of degree.
Whether or not a defendant becomes a witness for himself is purely a question for decision by him. If he elects not to testify, he is to be classified as a silent defendant whose silence must be ignored, except in some unusual circumstance such as was present in Waid v. State, supra. But if he decides to do so he is then to be regarded as any other witness, his testimony will be weighed the same as that of any other witness and the jury may in evaluating it take into consideration his interest in the trial and its result. And argument directed to what he says and does not say will be completely justified.
We are directed to the decision in Sykes v. State, 78 Fla. 167, 82 So. 778, which gives the appellant some comfort, and confidence in his position. In substance, the court held there that when a defendant gave testimony about one phase of a case it was error for the prosecuting attorney to remark upon his failure to testify with reference to other phases of it. We are *166 unable to harmonize this ruling with many on the general subject decided afterward and the decision seems sharply in conflict with the opinion of this court in Dabney v. State, 119 Fla. 341, 161 So. 380, rendered many years later, In that case it appeared that the defendant Dabney had become a witness for himself and had testified about one aspect of the case, a purported confession. In his argument to the jury the state attorney alluded to the failure of the defendant to explain his whereabouts the night the crime was committed. The court rejected the argument that this observation amounted to an infringement upon the refuge secured the defendant by the statute.
We find no such difference between the salient facts in the Dabney case and the present one as to justify distinguishing between the two. So we adhere to the ruling in Dabney v. State, supra, and recede from the one in Sykes v. State, supra.
Before attacking the second, and last, question posed by the appellant we will relate the circumstances surrounding his arrest. It was shown by the testimony of his assaultee that barefoot and scantily clad he made a stealthy entrance into the house occupied by her and an invalid for whom she was caring. The residence was located in an orange grove and to the rear of it was a "car shelter." After he had accomplished his purpose at knife-point he went to the garage and retrieved his outer clothing and the boots he had left there.
The police were immediately summoned and when they arrived one of them, armed with a shotgun, started through the grove to the rear of the house. He saw a man running about 300 yards away. In the chase of a quarter-mile the distance between them was reduced to 15 yards and three intermittent shots were fired at the fugitive by the officer. When, at the third shot, the man was struck by a buckshot he surrendered. He was immediately identified as appellant by his victim. Although at the time of the assault appellant was clothed only in shorts, shirt and scarf, he was, when captured, wearing pants, a shirt, a cap, gloves, and boots which were unlaced. He had two knives in his possession.
The appellant soon after his apprehension was taken by a deputy sheriff to a hospital for treatment of his wound, and at the same hospital and, evidently on the same visit, an examination was made by a physician to determine the presence of sperm cells. The doctor testified that live, active male sperm cells were found on appellant's body indicating recent intercourse or ejaculation.
The appellant now complains that the court erred in permitting the doctor to relate the result of this examination. He claims that the ruling constituted a violation of the guarantee of Sec. 12 of the Declaration of Rights of the Constitution of Florida, F.S.A. and Sec. 918.09, supra, that no person shall be compelled to testify against himself.
We think the decision of this court in Touchton v. State, 154 Fla. 547, 18 So.2d 752, is abundant authority for rejecting appellant's contention. The defendant in the cited case had been convicted of manslaughter by the operation of an automobile while intoxicated. He was hurt in the wreck and was taken to a hospital for treatment of his injuries. While there a sample of his blood was examined for evidence of alcohol and the result of the test was admitted in evidence. The court held that admission of the testimony was proper and observed that there was no objection on the defendant's part. Such is the situation here. The objection in the present case did not come until the offer of the testimony was made at the trial. We adhere to the expression in Touchton v. State, supra. A similar set of facts was considered in Myhand v. State, 259 Ala. 415, 66 So.2d 544, and a like conclusion reached. In the Alabama case it was remarked that the appellant testified he was willing for the examination to be made. That is not true of *167 the present case, but the record is devoid of any showing that when the specimen was taken from appellant he expressed any protest.
Although the appellant has not challenged the sufficiency of the evidence to support the verdict of guilt, we have, nevertheless, pursuant to subparagraph (2) of Sec. 924.32, Florida Statutes 1957, F.S.A., reviewed the evidence, including the record of the appellant's oral and written confessions, to determine whether or not the interests of justice require a new trial and we unqualifiedly decide that they do not.
Affirmed.
TERRELL, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.