STURGIS, Judge.
Appellant, who was convicted of armed robbery, seeks reversal on the ground that he was compelled to be a witness against himself, contrary to Section 12, Declaration of Rights, Constitution of Florida, F.S.A.
The co-owner and operator of a grocery store in Starke, Florida, while in his place of business was robbed at gun point of the contents of his cash register, consisting of checks and cash in the amount of approximately $800.00. The robber remained masked at all times and immediately left the scene of the robbery. Some of the cash consisted of coins in bank wrappers. About ten days later an abandoned car was found in the woods some fifteen or twenty miles from the scene of the robbery. Found therein were a coin wrapper and checks taken in the robbery, also two handwritten addressed envelopes addressed to a person in Baltimore, Maryland.
The appellant, while in custody, voluntarily delivered stamped and addressed letters to his custodians, Bradford County officials, to be mailed for him. The envelopes so addressed were admitted in evidence on the trial and testimony of handwriting experts adduced, by comparison of the handwriting on the two envelopes found in the car and those delivered by the defendant for mailing while in custody, to the effect that the scrivener of all these documents was one and the same person, the defendant
Appellant contends that the use of the envelopes addressed by him while in custody, when introduced into evidence for the purpose of obtaining a conviction, violated his constitutional right against self-incrimination.
In Touchton v. State, 154 Fla. 557, 18 So.2d 752, it is held that blood samples, voluntarily given by defendant who had no knowledge of their intended use, were admissible into evidence and not violative of defendant’s right against self-incrimination. *299 In State v. Renner, 34 N.M. 154, 279 P. 66, and People v. Molineux, 168 N.Y. 264, 61 N.E. 286, 62 L.R.A. 193, handwriting samples voluntarily written by the accused were held to be admissible in evidence. In Lee v. State, 69 Fla. 255, 67 So. 883, the defendant, at the arresting officer’s suggestion, handed over his shoe without being warned as to his right against self-incrimination. The Florida Supreme Court held that such did not violate defendant’s constitutional rights.
As said by Mr. Justice Holmes in Johnson v. United States, 228 U.S. 457, 33 S.Ct. 572, 57 L.Ed. 919: “A party is privileged from producing the evidence, but not from its production.”
The trial court did not err in admitting the handwriting samples into evidence.
Affirmed.
CARROLL, DONALD K., Chief Judge, and WIGGINTON, J., concur.