RAWLS, Chief Judge.
By this appeal from a judgment of conviction and sentence for the offense of aggravated assault, Defendant, relying upon Section 918.09, Florida Statutes, F.S.A., contends that reversible error occurred during the trial of the cause when the prosecuting attorney interrogated him about his failure to testify at the preliminary hearing. We find that Defendant’s point is well taken.
Material excerpts of Defendant’s testimony on cross examination are:
“Q Well, did you attend a JP hearing on this particular case?
“A I did.
“Q And were you represented there by Mr. Jackson, your attorney here in Court today?
“A I were.
“Q And did you hear substantially the same testimony from these witnesses that you did there?
“A I did.
“Q Well, hearing your testimony at that time were you given an opportunity to respond?
“A I didn’t.
“Q I’m sorry, I didn’t understand.
“A I didn’t.
“Q You did not respond, is that correct?
“A By responding—
“Q I’m saying, didn’t you at that time raise the issue of self defense ?
“MR. JACKSON: Objection, Your Honor, I represent the defendant and I advise the defendant what to do.
“A I didn’t testify. I thought that’s what he meant.
“Q You did not?
“A I did not.”
The landmark case on this subject is Simmons v. State.[1] There defendant, while on cross examination, was asked by the state attorney if he had testified at the preliminary hearing or at a habeas corpus hearing, and to each question the defendant responded, “No, sir”. No objection was made by defense counsel to the questions propounded, although he moved the court to declare a mistrial some time later after several other witnesses testified. The Supreme Court, in holding that such questions were prejudicial to defendant, stated:
“We hold that calling the attention of the jury, by the prosecuting officer of the state, to the failure of the accused to testify in his own behalf at any preliminary proceeding or the present trial, no matter how innocently it may be done, comes within the exception and deprives the defendant of the protection the statute was intended to secure, and of his constitutional right to a fair and impartial trial. Rowe v. State, supra [87 Fla. 17, 98 So. 613]; Jackson v. State, 45 Fla. 38., 34 So. 243, 3 Ann.Cas. 164; Annotations, 68 A.L.R. 1108; 84 A.L.R. 785.”
*822 Hathaway v. State [2] is squarely in point. There defendant was asked on cross examination if he had testified at the preliminary hearing and he answered: “* * * I didn’t testify at all.” In remanding for a new trial, the appellate court stated:
“In fairness to the trial court, it must be pointed out that although assigned as error here, no objection was made by defendant’s counsel to the question, nor were the questions and answers made a ground for the defendant’s motion for a new trial. * * * Although an error based on an improper question of a prosecuting attorney will not be considered on appeal unless an objection is timely made, this rule is subject to the exception that, if the improper question with its resultant answer is of such character that neither rebuke nor retraction may entirely destroy its sinister influence, a new trial should be awarded regardless of the want of an objection thereto.”
In all candor, were it not for the Simmons and Hathaway cases, we would readily affirm the action of the trial court. We think the better view and reasoning is as stated by the United States Supreme Court in Raffel v. United States,[3] viz.:
“The immunity from giving testimony is one which the defendant may waive by offering himself as a witness. * * * When he takes the stand in his own behalf, he does so as any other witness, and within the limits of the appropriate rules he may be cross-examined as to the facts in issue. * * * His waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing.”
by the Supreme Court of Florida in Odour v. State,[4] viz.:
“Whether or not a defendant becomes a witness for himself is purely a question' for decision by him. If he elects not to-testify, he is to be classified as a silent defendant whose silence must be ignored,, except in some unusual circumstance sucb as was present in Waid v. State, supra [Fla., 58 So.2d 146]. But if he decides to do so he is then to be regarded as any other witness, his testimony will be weighed the same as that of any other witness and the jury may in evaluating it take into consideration his interest in the trial and its result. And argument directed to what he says and does not say will be completely justified.”
and by the Second District Court of Appeal in Peel v. State,[5] viz.: ,
“Once a defendant elects to testify, as did' the appellant herein, his testimony is to-be weighed the same as any other witness,, 'and argument directed to what he says- and does not say is justified. Odom v.. State, Fla.1959, 109 So.2d 163.”
However, this Court is bound by the. rule-of law expressed by the Supreme Court in-Simmons, supra.
We find that the ■ question considered is one of great public- interést as contemplated by Section 4(2), Article V,. Constitution of the State of Florida, F.S.A.,. and, therefore, we will certify this case-pursuant to said constitutional provision.
Reversed and remanded for a new trial..
WIGGINTON and CARROLL, DONALD K., JJ., concur.

. Simmons v. State, 139 Fla. 645, 190 So. 756 (Fla.1939).

. Hathaway v. State, 100 So.2d 662 (Ma. App.3d, 1958).

. Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926).

. Odom v. State, 109 So.2d 163 (Fla.1959).

. Peel v. State, 154 So.2d 910 (Fla.App.2d,. 1963).