PER CURIAM.
This is an appeal from a denial of a Rule 3.850, R.C.Proc., 33 F.S.A., petition without an evidentiary hearing. We have considered its content and the presentation of counsel with care and find no merit or basis for reversal. Primarily, this is true because the points raised have been previously determined by this court.
There is question as to the adequacy of the petition to complain about a new point, i. e., the trial court’s action in imposing probation, following and in addition to the imposition of a prison sentence for another crime. Nonetheless, we have determined to consider the question as though properly and fully raised, and this at the behest of appellant’s counsel.
Appellant was charged in four separate informations with four separate ingredients of forgery. Being found guilty as to all, four separate judgments were entered by the court. On two cases, 69-609 and 69-610, the trial court sentenced appellant to fifteen years in prison. On two cases, 69-608 and 69-611, appellant was placed on probation for ten years to commence at the conclusion of the fifteen year prison sentence.
Appellant’s grievance is with what he chooses to call the “delayed probation”. We have neither found, nor been shown, any case law or statute that proscribes such trial court approach and action. When one realizes, as counsel concedes, that the trial court could have legally imposed the maximum prison sentence upon each charge, any onerousness of this procedure disappears. Further, while Roy v. State, Fla.App.1967, 207 So.2d 52, is not precisely the same, its sentiments afford light and support to our view that the trial judge acted within the bounds of law and discretion, and in the interest of appellant’s rehabilitation.
Affirmed.
WALDEN and OWEN, JJ., and DOWNEY, JAMES C., Associate Judge, concur.