HOBSON, Acting Chief Judge.
Appellant was charged by information No. 73-657 with the sale of more than five grams of marijuana on December 1, 1972. In a separate information No. 73-658 appellant was charged with the sale of more than five grams of marijuana on January 5, 1973. He was convicted by a jury on each information, adjudged guilty and sentenced to three years in the state prison on information No. 73-657. On information No. 73-658 he was adjudged guilty and placed on probation for a period of three years to commence upon the expiration of the sentence on information No. 73-657 or upon being released on parole.
Appellant first contends that the lower court erred in failing to instruct the jury as to lesser included offenses. The record does not reveal that he requested such instruction, objected to the instructions given, or in any manner make known to the court his desire for additional instructions. He therefore has no standing to raise the trial court’s failure to instruct on lesser included offenses. Rule 6.7(g), Florida Appellate Rules; Rayner v. State, Fla.1973, 273 So.2d 759; Rayner v. State, Fla.App.2d 1973, 286 So.2d 604, on remand; Williams v. State, Fla.1973, 285 So.2d 13.
Appellant’s second point is also without merit. Appellant, himself, testified concerning certain aspects of the case. In closing argument, the prosecuting attorney commented upon his failure to testify concerning other aspects of the case. Appellant argues that this was equivalent to commenting upon failure to testify in his own behalf.
The case of Sykes v. State, 78 Fla. 167, 82 So. 778 (1919), supports appellant’s position. However, in Odom v. State, Fla. 1959, 109 So.2d 163, the Supreme Court expressly receded from Sykes and held that once a defendant chooses to put himself on the stand, the prosecuting attorney is entitled to comment upon his failure to testify concerning any aspect of the case. This principle was followed in Peel v. State, Fla.App.2d 1963, 154 So.2d 910.
In Singleton v. State, Fla.App.2d, 1966, 183 So.2d 245, this court cited Sykes for the proposition that a prosecutor cannot comment upon the failure of the defendant to testify about one phase of a case even though he has put himself on the stand to testify concerning another phase of the case. Upon the authority of Odom, we hereby recede from our inadvertent comment in Singleton.
Finally, appellant contends that the sentence to three years probation, commencing subsequent to his release from the penitentiary, is invalid. Appellant relies on Boyd v. State, Fla.App.3rd 1973, 272 So.2d 858, and Martinez v. State, Fla.App.3rd 1972, 266 So.2d 392, for the proposition that a sentence to the state prison cannot be followed by a period of probation.
In each of those cases, while there were several offenses involved, there was only one sentence and the appellate court struck the illegal portion relating to probation, because at the time the statute did not authorize a sentence to the state prison to be followed by a period of probation. Section 948.01 F.S.;[1] RCrP 3.790. In the case sub judice, however, there were two separate informations charging separate offenses. Appellant was tried and found guilty on both informations. There were two separate judgments and sentences entered in the cases.
We have found nothing in the statutes, rules or case law which would prevent a trial judge from entering separate judgments under such circumstances, and placing a defendant on probation under the second judgment to commence upon his release from prison under the first judgment *309 and sentence. Harris v. State, Fla.App.4th 1973, 278 So.2d 306; Sturn v. State, Fla. App.2d 1974, 295 So.2d 713.
The judgments and sentences appealed are
Affirmed.
McNULTY and 'GRIMES, JJ., concur.

. Sec. 948.01(4) F.S. has since been amended by Ch. 74r-112, Laws of Florida, 1974, which became effective on July 1,1974.